## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Lena Brown Backus

v.

John P. Atkinson

September 27, 1991

Case No. CL90-238

By JUDGE WILLIAM H. LEDBETTER, JR.

The trial of this case resulted in a jury verdict for the defendant on August 23, 1991. After the verdict, the plaintiff, Backus, moved the court to set aside the verdict and to order a new trial. The motion was taken under advisement, and counsel were invited to submit memoranda. The memoranda have been filed, and both parties have waived oral argument.

This case arises from an automobile accident that occurred during daylight hours in clear weather at the intersection of Washington Avenue and Cornell Street. Backus was operating her vehicle at a slow speed on Washington Avenue looking for a parking space so that she could run an errand. The defendant (Atkinson) was operating his automobile on Cornell Street. At the intersection, Atkinson obeyed the stop sign that governs traffic on Cornell Street. He stopped, looked for approaching traffic on Washington Avenue, and, seeing none, proceeded into the intersection. The view to his left (the direction from which Backus was coming) was impeded by vehicles parked on Washington Avenue and, perhaps, by shrubbery. The vehicles collided in the intersection, and Backus was injured.

In her post-verdict motion, Backus contends that (1) the evidence establishes that Atkinson was guilty

of negligence as a matter of law, and (2) that the evidence cannot support a finding that Backus was contributorily negligent.

Interestingly, the issues of primary negligence and contributory negligence were submitted to the jury with the concurrence of both parties. Those issues, along with the amount of Backus' damages, were *the* disputed issues in the case. The parties presented evidence, and counsel framed their arguments directed to those issues. Neither party moved the court to strike the other's evidence.[1] Instructions were given, without objection, concerning the issue of primary negligence of Atkinson (Instructions 2, 8, 9, 10, 13 and 17) and the issue of contributory negligence of Backus (Instructions 2, 8, 12, 14 and 17). In fact, Backus herself tendered the "issues" instruction (Instruction 2) and the "finding" instruction (Instruction 17) both of which contain language acknowledging that primary negligence and contributory negligence were factual questions for the jury to decide.

A trial court may set aside a verdict for errors in rulings upon instructions, even though no exceptions to the rulings were taken, if the instructions misdirected the jury or were calculated to mislead the jury. *Smith v. Cumberland Insurance Co.*, 202 Va. 758 (1961); 13B M.J., *New Trials* §§ 7-9.

A leading authority on Virginia procedure states the proposition as follows:

> If, however, upon the trial, instructions are given to the jury *to which no exception is taken* and, after verdict, a motion is made for a new trial, on the ground of *misdirection*, it is the duty of the trial court to consider the correctness of the instructions, and if of opinion that they are not correct and were calculated to mislead the jury, to set aside the verdict and grant a new trial. (Emphases in original.) Burks Pleading and Practice (4th ed. 1952) p. 550.

---

[1] A motion to strike the evidence is not a prerequisite to a motion to set aside the verdict. Gabbard v. Knight, 202 Va. 40 (1960).

In *Smith* and in the older cases cited in the treatise by Burks, the instructions in question, given without objection, apparently contained a *misstatement* of the law; i.e., the jury was wrongly or badly directed ("misdirected") by an incorrect or inaccurate statement of a legal principle. As noted above, the treatise by Burks emphasizes the word "misdirection."

Here, the jury was not misdirected, and that is not a ground of Backus's motion. None of the instructions contain erroneous statements of the law, and Backus does not contend otherwise. Instead, she argues that the evidence was insufficient to justify the giving of instructions that she tendered or to which she voiced no objection. The court is of the opinion that it would be an abuse of discretion to set the verdict aside for the reason that a litigant may not invite the trial court to submit certain issues to the jury and then, upon an unfavorable verdict, argue that those issues were not for the jury to decide.

Further, the court is of the opinion that the issues of primary negligence and contributory negligence were for the jury to decide. (Therefore, even if Backus had made objections or motions to take those issues from the jury, the court should have overruled them.)

In addition to Atkinson's general duty to exercise due care, the parties agree that he had a duty at the intersection to keep a proper lookout and to comply with the provisions of Virginia Code § 46.2-821. That statute imposed a duty on Atkinson to stop on Cornell Street "at the point nearest [Washington Avenue] where the driver has a view of approaching traffic on [Washington Avenue]." The statute imposed upon him a duty not only to stop, but also to look with reasonable care before entering the intersection. However, the statute does not impose upon a driver an absolute duty to see; in other words, the statute does not make him an insurer of the safety of his crossing, nor does it create an absolute duty to discover by looking unless the thing to be looked for is in such plain view that looking with reasonable care, he was bound to have discovered it. *Oliver v. Forsyth*, 190 Va. 710 (1950). Here, given the uncontroverted evidence that Atkinson stopped at the intersection, that he looked before proceeding, and that his view was obstructed, Backus

made the point in her testimony that she could not see Atkinson's vehicle for the same reason that he could not see hers, the issue of Atkinson's negligence was for the jury to determine.

As for Backus' contributory negligence, the evidence did not support an instruction regarding speed (there was no evidence of excessive speed), and the court, upon Backus' objection, did not give one. However, the court, without objection, gave an instruction that informed the jury that she (as well as Atkinson) had a duty to keep a proper lookout. Under the circumstances of this case, Backus had the right to assume that drivers on intersecting streets (including Cornell Street) would obey the law until she saw or should have seen that the other driver would not do so. *Gammon v. Hyde*, 199 Va. 918 (1958). Although she had the right of way, she was not relieved of the duty to exercise due care in operating her vehicle. The evidence was such that the jury could have concluded that Backus, perhaps concentrating on a parking space at this "blind" intersection, or for some other reason, failed to keep a proper lookout and that she could have avoided the collision had she been doing so. The issue of contributory negligence was for the jury to determine.

If the author of this opinion had been a member of the jury, he would have voted for a verdict in favor of Backus. Such an observation, however, is not relevant to the standard that must be used in considering a motion to set aside a jury verdict, especially where, as here, the injured party makes no claim of misconduct during the trial, erroneous instructions, improper admission, or exclusion of evidence or newly-discovered evidence. Where a motion to set aside the verdict is based on insufficiency of the evidence on the issue of liability, the motion should be granted only if the verdict is "plainly wrong" and against the clear weight of the evidence. *See* 13B M.J., *New Trials* §§ 32-36. "The judge does not weigh the evidence; this is the province of the jury. The judge determines as a matter of law whether the jury could have reached such a verdict as it did from a reasonable consideration of the evidence and the instructions." W. H. Bryson *Handbook on Virginia Civil Procedure* (1989) p. 452. In this case, there was credible evidence to support the jury's verdict.

For the reasons explained, the motion will be overruled and denied. The Clerk will prepare an order awarding judgment on the jury's verdict for the defendant.